IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABEL MARISPINI, | § | |
| TDCJ-CID NO.1466484, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-09-0946 |
| | § | |
| RONNIE W. DRAKE, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Abel Marispini, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983, a memorandum, and a more definite statement, in which he alleges that defendants violated his Eighth Amendment rights by subjecting him to unsafe working conditions and denying him adequate medical care; he also complains that defendants retaliated against him for reporting unsafe conditions by charging him with a false disciplinary violation. (Docket Entries No.1, No.3, No.8). Defendants have filed a motion for summary judgment. (Docket Entry No.13). Plaintiff has not filed a response to the motion.

For the reasons to follow, the Court will grant defendants' motion for summary judgment and dismiss the complaint with prejudice.

I. BACKGROUND

Plaintiff reports in his original complaint that on February 17, 2009, he was working at the bus repair facility on the Ellis 1 Unit of TDCJ-CID. (Docket Entry No.1-1, page 4). Because of his experience in the automotive field, he noticed several unsafe conditions and reported them to Safety Officer Brian Buster. (*Id.*). In his More Definite Statement, plaintiff indicates that he also attempted to informally resolve the unsafe working conditions with

1

Industrial Special Supervisor Ronnie Drake on the same day. (Docket Entry No.8, page 1). Attachments to plaintiff's original complaint show that shortly after 8:00 a.m. on February 18, 2009, plaintiff passed by the mechanic shop while en route to get hot water. (Docket Entry No.1-1, page 12). Plaintiff stopped to talk with offenders Adam Guerra and Reuben Sanchez; he assisted them in working on an engine that was sitting on blocks on the ground because the two engine stands and the engine hoist in the shop were being utilized.[1] (*Id.*, pages 2, 12). Plaintiff was standing between a new engine and an old engine when the old engine rolled off the blocks and pinned his leg to the concrete floor. (*Id.*, page 2). Sanchez attempted to warn plaintiff but the engine rolled off quickly. (*Id.*). Sanchez and Guerra lifted the engine off plaintiff's leg about the time the shop supervisor showed up; the supervisor stabilized the scene and called for medical assistance. (*Id.*). Safety Officer Buster placed an air ratchet on a bell housing bolt over the old engine that fell on plaintiff before taking photographs of it. (Docket Entries No.1-1, page 1, No.8, page 2). Plaintiff was charged and convicted of a disciplinary violation for being out of place, for which he received twenty days of commissary restriction and twenty days of cell restriction. (Docket Entry No.1-1, pages 4, 13). He lost his job in the bus barn repair facility, the opportunity to receive an on-the-job training certificate, and missed three months of school. (Docket Entry No.8, page 13).

Plaintiff was examined by Physician's Assistant ("PA") John Q. Wang around 8:30 a.m. on February 18, 2009, who determined plaintiff had torn muscle tissue; Wang prescribed a shot of pain medication, an ice pack, a knee wrap, x-rays, crutches, and over-the-counter pain medication. (*Id.*, pages 8-9, 11).

---

[1] In Step 1 Grievance No.2009109302, plaintiff states that he was helping Sanchez move the diesel engine when it rolled off the wooden blocks and onto his leg. (Docket Entry No.13-2, page 3). Plaintiff also states the he was initially working with the painters but his supervisor told him that if anyone needed help in any work area that plaintiff could assist them. (*Id.*). He agreed to help Sanchez because he wanted to learn everything about bus repair. (*Id.*).

Plaintiff was examined by PA Nancy Mitchell on March 11, 2009, after he complained that his knee popped out of place when he walked. (*Id*., page 9). Mitchell told him that he was overweight, and that he should walk and stay away from the commissary. (*Id*.). She agreed that his leg looked bad and indicated that she would schedule an appointment for plaintiff to see a doctor via a television monitor. (*Id*., page 12). Mitchell also prescribed over-the-counter pain medication. (*Id*.).

On June 1, 2009, PA Lowry Powers examined plaintiff for complaints about his knee and his request to see a doctor. (*Id*.). Powers noted that the accident occurred three months earlier and that plaintiff did not break any bones. Powers told plaintiff to stop requesting to see a doctor and complaining about the pain; Powers said, "Be a man, you're in prison." (*Id.*). Powers continued the prescription for over-the-counter pain medication. (*Id.*).

Plaintiff complains that his knee aches and swells when he walks or stands for any length of time and when it goes out, he has to rub it back in place. (*Id*., page 6). He claims that he walks with a small limp, has sharp pains in his lower back, and sometimes has pain when trying to get up. (*Id*.). Plaintiff also claims that his ankle aches. (*Id*.). Plaintiff complains that he has not seen a doctor for his knee and has not received an MRI or physical therapy. (*Id*., page 10).

Plaintiff seeks injunctive and monetary relief on the following grounds:

1. Defendants Ronnie Drake and Brian Buster were deliberately indifferent to his health and safety by subjecting him to unsafe working conditions;

2. Defendants Drake and Buster retaliated against him for drawing attention to the unsafe working conditions by charging him with a false disciplinary violation; and,

> 3. Defendants John Wang, Nancy Mitchell, and Lowry Powers were deliberately indifferent to his serious medical needs by failing to provide proper medical treatment.

(Docket Entries No.1, No.8).

Defendants move for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies, and that he cannot show that defendants were deliberately indifferent to his medical needs and safety or that they retaliated against them. (Docket Entry No.13). Defendants assert Eleventh Amendment immunity and qualified immunity. (*Id.*).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## III. DISCUSSION

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law. 42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). Section 1983 is not itself a source

of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). The plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference–not the result of mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). The negligent deprivation of life, liberty, or property is not a constitutional violation. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Moreover, to hold a defendant liable under section 1983, plaintiff must adduce facts demonstrating the defendant's participation in the alleged wrong. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. *Booth*, 532 U.S. at 739. Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ-CID currently provides for a two-step grievance procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Id.* Compliance with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps. *See Wright,* 260 F.3d at 358.

Plaintiff concedes in his More Definite Statement that he did not file a grievance complaining about his medical treatment (Docket Entry No.8, page 8), and the summary judgment record shows the same. (Docket Entry No.13-2). The summary judgment record also shows that plaintiff did not exhaust his administrative remedies with respect to his retaliation and unsafe work environment claims. (*Id.*). Plaintiff filed Step 1 Grievance 2009109302 on March 3, 2009, complaining that he received a disciplinary case and was punished for doing what he was supposed to do. (*Id.*, pages 3-4). He did not file a Step 2 Grievance but submitted another Step 1 Grievance. In Step 1 Grievance 2009110103, dated March 5, 2009, plaintiff complained of retaliation and noted his attempt to exhaust state administrative remedies so that he could file suit in federal court. (*Id.*, pages 5-6). The grievance was returned unprocessed because the submission violated TDCJ-CID policy, *i.e.*, the grievance was made in excess of one every seven days and the compensatory relief plaintiff sought was inappropriate. (*Id.*, page 6). On March 18, 2009, plaintiff filed Step 2 Grievance 2009110103, in which he complained that the decision to return the Step 1 Grievance was retaliatory. (Docket Entry No.1-1, page 11). The grievance was not processed. (*Id.*).

Plaintiff presents nothing to contravene defendants' summary judgment proof that he has not exhausted his administrative remedies with respect to all of his claims against defendants. Therefore, defendants are entitled to summary judgment on these claims.

In his "Motion Requesting Permission to Amend or Supplement Pleadings" ("Motion to Supplement"), filed December 7, 2009, plaintiff seeks to add a claim of retaliation against defendant Lowry Powers based on Powers's alleged attempt to coerce plaintiff to dismiss him from the present suit. (Docket Entry No.12). Plaintiff attached to the Motion to Supplement an unprocessed Step 1 Grievance dated December 4, 2009. (*Id.*). The face of the grievance clearly shows that it is unprocessed, therefore, the Court finds that plaintiff has not exhausted his administrative remedies with respect to this claim and that he is foreclosed from pursuing such claim until he complies the exhaustion requirement of 42 U.S.C. § 1997(e).

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Defendants' motion for summary judgment (Docket Entry No.13) is GRANTED.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to exhaust state remedies as required by 42 U.S.C. § 1997(e).

3. Plaintiff's Motion Requesting Permission to Amend or Supplement Pleadings (Docket Entry No.12) is DENIED.

4. All other pending motions, if any, are DENIED as moot.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 27th day of August, 2010.

                                        MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE